# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BRENDA C. ARMSTEAD,
        Plaintiff,

v.                                                    No. 1:23-cv-00483-DLM

U.S. GOVERNMENT,
        Defendant.


## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE
## AND ORDER TO CURE DEFICIENCY

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint (Doc. 1), filed June 2, 2023, and Plaintiff's Request to Proceed *in forma pauperis* with Declaration in Support (Doc. 2), filed June 2, 2023.

## I.     The Complaint

Plaintiff contends that Congress wants to cut spending to reduce the United States' deficit, but that spending cuts should not deny benefits for food, housing, and medical care for low- and middle-income persons, the elderly and the disabled. (Doc. 1 at 2.) Plaintiff asks the Court for "an investigation of the U.S. budget to see where cuts can be made by an outside neutral source to resolve this annual problem." (*Id.*)

The Complaint does not contain a statement of the grounds for the Court's jurisdiction as required by Federal Rule of Civil Procedure 8(a)(1). Plaintiff is suing the United States but has not shown that Congress waived the United States' sovereign immunity. *See High Lonesome Ranch, LLC v. Bd. of Cnty. Comm'rs for the Cnty. of Garfield*, 61 F.4th 1225, 1237 (10th Cir. 2023) ("The United States is immune from suit unless Congress has expressly waived its sovereign immunity")

(citing *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 280 (1983)). As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388, at *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir. 1988)).

The Court orders Plaintiff to show cause why the Court should not dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). If Plaintiff asserts the Court has jurisdiction over this action, Plaintiff must file an amended complaint which contains factual allegations supporting jurisdiction.

It also appears that Plaintiff seeks relief on behalf of low- and middle-income persons, the elderly, and the disabled. Plaintiff cannot bring claims on behalf of other persons because Plaintiff is not a licensed attorney authorized to practice in this Court. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"). The Court orders Plaintiff to show cause why the Court should not dismiss the claims she is asserting on behalf of low- and middle-income persons, the elderly, and the disabled.

## II.    Order to Cure Deficiency

Plaintiff filed her Request to Proceed *in forma pauperis* using a form for the United States District Court for the Central District of California. (*See* Doc. 2.) This Court requires plaintiffs

seeking to proceed without prepaying fees to file the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Long Form Application"). Failure to file a Long Form Application within 21 days from entry of this Order *or* failure to follow all instructions in the Long Form Application may result in denial of the motion to proceed *in forma pauperis.* Any papers Plaintiff files in response to this Order must include the civil cause number (No. 1:23-cv-00483-DLM) of this case.

### III.    Case Management

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case for the reasons stated above and file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

**IT IS FURTHER ORDERED** that Plaintiff shall, within 21 days of entry of this Order, file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Failure to timely file a Long Form Application may result in denial of Plaintiff's Request to Proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that the Clerk shall send to Plaintiff a copy of this Order

and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).


_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE